Per Curiam.

On January 31, 1946, plaintiff, a new tenant, leased from defendant certain loft space at $14,000 per year for a term of three years. The said space formed part of a larger area, all of which had been occupied for commercial purposes under lease to another tenant on March 1, 1943, at $5,000' per annum. Plaintiff and defendant proceeded on the assumption that, inasmuch as the space covered by plaintiff’s lease and that of the former tenant were not the same, plaintiff’s space “ was not used or occupied on such date for commercial purposes,” with the consequence that the reasonable rental *on that date could be determined by agreement under subdivision (e) of section 2 of the Commercial Rent Law (L. 1945, ch. 3, amd. by L. 1945, ch. 315, as amd. by L. 1946, ch. 272; McKinney’s Unconsolidated Laws of N. Y., § .8522, subd. [e]). Accordingly, they entered into a separate agreement three days before the lease was signed purporting to establish what had been the reasonable rent on March 1, 1943. No attempt was made to comply with the second paragraph of section 4, as was done in the case of Roof Health Club, Inc., v. Jamlee Hotel Corp. (271 App. Div. 481, affd. 296 N. Y. 883). That section, by its terms, is inapplicable, in any event, to space not occupied by the same tenant on January 24, 1945. The trial court was correct in determining that the space rented to plaintiff was occupied for commercial purposes on March 1, 1943. Neither is this a case where the parties may stipulate the- reasonable rent upon the expiration of the term of a lease-reserving rental on a graduated scale (§ 14), since the lease to the former tenant had not expired but was terminated by agreement.
In this action, plaintiff repudiates its agreement purporting to fix the reasonable rent and the lease which it signed which enabled it to get into the building, and sixes to recover the excess rent which it has paid over and above the rent in the lease of the larger atea to the former tenant in force March 1, 1943, *423 plus 15%. The trial court has granted a recovery to plaintiff, measuring the emergency rent by the rent in the lease to the previous tenant plus 15%. The court allowed defendant landlord to offset the money which it expended in repairs to the premises and for mailing them available to the plaintiff as a tenant. There is no warrant in the statute for such an offset. Neither was the rent for the area covered by the former lease to the other tenant plus 15% necessarily determinative of the rent to be charged to this plaintiff.
Under all of the circumstances of this case, we think that a new trial should be granted with directions to the trial court on the new trial to disallow claims to defendant for repairing and making available the demised premises, but to determine whether the defendant may be entitled to retain an amount in excess of the emergency rent as the “ reasonable ” rent of the area demised to plaintiff as that term is used in section 4 of the Commercial Bent Law, to be offset in diminution or extinction of the plaintiff’s cause of action for excess rent. If, in the beginning, the tenant had refused to pay more than the emergency rent and the landlord had sued, the latter might have been entitled to an adjudication on whether the “ reasonable rent ” provided for by section 4 was in excess of the emergency rent. The present situation is similar, except that the tenant is suing to be reimbursed for the difference between the emergency rent and the stipulated rent which it has already paid to the landlord. The clause in section 3 that “any rent which' exceeds the emergency rent shall be presumed to be unjust, unreasonable and oppressive ” implies that a tenant who has paid excess rent has a cause of action to be recompensed therefor; but the presumption in favor of the “ emergency ” rent is rebuttable, and the implication mentioned is subject to a proviso, that the extent to which the rent that has been paid is to be deemed excessive, shall be measured by deducting what the court would have permitted the landlord to recover if the tenant had not paid. Although the trial court indicated that it was willing to consider that aspect of the case, the action was' not tried on that theory since the landlord took the position that it was entitled to the full amount of the rent specified in the' lease.
The disallowance by this court of the landlord’s claim to the expenses incurred in repairing and making the demised premises available' to the tenant, as a direct offset, requires that an. opportunity be given for a determination of the amount of the' “ reasonable ” rent, in the calculation of which some of these items may be taken into consideration.
*424 The judgment, and the order entered January 3,1947, so far as appealed from, should be reversed and a new trial ordered in accordance with the foregoing opinion, with costs to plaintiff to abide the event. The order denying defendant’s motion for judgment on the pleadings should be affirmed.